# Order

Michigan Supreme Court
Lansing, Michigan

May 4, 2007

132045

PEOPLE OF THE STATE OF MICHIGAN,
                Plaintiff-Appellee,

v

FRANK ROBERT STELLNER,
                Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132045
COA: 271381
St. Joseph CC: 05-013191-FC

On order of the Court, the application for leave to appeal the August 24, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

Defendant argues that he was denied Equal Protection[1] because he was not given an appeal as of right from his sentence. He alleges that his sentence is too long because the trial court made errors in scoring the mandatory sentencing guidelines. Because I believe that there may be merit to his Equal Protection argument, I would grant defendant's application for leave to appeal.

In the trial court, defendant pleaded guilty of kidnapping and aggravated assault. At sentencing, the judge assessed points for numerous sentencing offense variables over defendant's objections. The guidelines range that resulted was 81 to 135 months' imprisonment. Had defendant prevailed on all of his scoring arguments, the guidelines range would have been as low as 0 to 18 months.

Defendant was sentenced to imprisonment of 8 to 30 years. Because he had pleaded guilty, he did not have an appeal of right in the Court of Appeals. MCR

_____

[1] US Const Am XIV, § 1; Const 1963, art 1, § 2.

7.203(A)(1)(b).  Rather, he had to apply for leave to appeal in that court.  The Court of Appeals denied his application.

Defendant points out that every defendant convicted, be it by plea or by guilty verdict, undergoes the same sentencing procedure.  But one who is convicted after a jury or bench trial has a right to appeal on the basis of sentencing errors.  By contrast, one who is convicted by plea has no right of appeal by which to raise sentencing issues.  Defendant argues that the different treatment violates the Equal Protection Clause of the United States Constitution.

I think that defendant raises an important constitutional issue that affects many criminal defendants.  Neither this Court nor the United States Supreme Court has considered the issue.  Therefore, I would grant defendant's application to consider whether defendants convicted after pleading guilty must be given a right of appeal for the purpose of raising sentencing issues.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2007

Clerk

p0501